IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-02067-CMA-NRN

TONY C. TUCKER,

    Plaintiff,

v.

SANTANDER CONSUMER USA, *d/b/a* Chrysler Capital,

    Defendant.

## ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT

This matter is before the Court on Defendant Santander Consumer USA's ("Santander") Motion to Set Aside Clerk's Entry of Default (Doc. # 16) and Plaintiff Tony C. Tucker's Motion for Default Judgment (Doc. # 17.) For the following reasons, the Court grants Santander's motion and denies Plaintiff's motion.

### I.     BACKGROUND

Plaintiff initiated this action *pro se* on July 30, 2021, alleging violations of the Truth in Lending Act and state consumer protection laws relating to an auto loan financed by Santander.[1] (Doc. # 1.) On August 16, 2021, Plaintiff submitted a Certificate

---

[1] Because Plaintiff proceeds *pro se*, the Court reviews his pleadings "liberally and hold[s] [them] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). A court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

of Mailing Service wherein he stated that he "mailed a copy" of the Complaint, Summons, and the Magistrate Consent Form to Santander by certified restricted mail on August 11, 2021. (Doc. # 10.) Plaintiff then filed an Amended Complaint on August 18, 2021. (Doc. # 11.)

On September 10, 2021, Plaintiff filed a Motion for Entry of Default. (Doc. # 12.) The Clerk of Court declined to enter default as to Santander because "the affidavit or declaration required by Fed. R. Civ. P. 55(a) was not filed and does not include a statement that no responsive pleading has been filed within the time limit set forth by the Federal Rules of Civil Procedure or the court, and no proof of service has been filed."

Plaintiff filed another Motion for Entry of Default on September 13, 2021, wherein he declared that he mailed the Amended Complaint to Santander by certified mail on August 16, 2021, and that Santander had failed to timely file a responsive pleading. (Doc. # 14 at 2–3.) Plaintiff also attached a first-class certified mail receipt. (*Id.* at 14.) The Clerk of Court entered default as to Santander the same day.

Two days after the Clerk's entry of default, on September 15, 2021, Santander filed the instant Motion to Set Aside Clerk's Entry of Default. (Doc. # 16.) The motion has been fully briefed. Plaintiff followed with his Motion for Default Judgment the next day, on September 16, 2021. (Doc. # 17.) In his Motion, Plaintiff argues that he attempted to serve Santander's registered agent but was unable to locate him at the listed address. (*Id.* at 3.) He asserts that service by certified mail was proper under

Colo. Rev. Stat. § 7-90-704(2). (Doc. # 17 at 2–3.) Santander filed a Response on September 28, 2021. (Doc. # 21.)

## II.     LEGAL STANDARDS

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts"). It is within the Court's discretion to balance the judicial preference against default judgments with "considerations of social goals, justice and expediency." *Gomes*, 420 F.2d at 1366.

Santander bears the burden of proving that the default should be set aside for good cause. *Nikwei v. Ross Sch. of Aviation*, 822 F.2d 939, 941 (10th Cir. 1987). The good cause standard under Rule 55(c) "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether to vacate the Clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether Plaintiff will be prejudiced if the default should be set aside; and (3) whether the defendant has a meritorious defense. *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29,1995) (unpublished); *see also Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. Dec. 19, 2005) (unpublished) ("A court need not consider all of the factors, and may consider other factors as well.");

*Procom Supply, LLC v. Langner*, No. 12-cv-00391-MSK-KMT, 2012 WL 2366617 at *1 (D. Colo. June 21, 2012) (same). In addition, "procedural deficiencies, such as inadequate service, lack of subject matter jurisdiction, or lack of personal jurisdiction constitute good cause allowing an entry of default to be set aside." *Kriston v. Peroulis*, No. 09-cv-00909-MSK-MEH, 2010 WL 11553397, at *2 (D. Colo. Oct. 28, 2010).

### III.   DISCUSSION

The Court finds that Santander has met its burden to show good cause to set aside the Clerk's entry of default.

With respect to the first factor, the Court finds that Santander is not culpable for its failure to timely file a responsive pleading. "Generally, a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *U.S. v. Timbers Preserve, Routt Cnty., Colo.*, 999 F.2d 452, 455 (10th Cir. 1993), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820 (1996). An unintentional or good faith mistake generally does not rise to the level of culpable conduct under Rule 55(c), particularly where a party takes prompt action to remedy its error. *See Crapnell v. Dillon Companies, Inc.*, No. 14-cv-01713-KLM, 2015 WL 328524, at *5 (D. Colo. Jan. 23, 2015) ("[A] party's prompt motion to set aside an entry of default serves to mitigate any culpability that may exist."). In the instant case, Santander argues that it was not properly served and therefore not on notice of the action. Further, Santander asserts that it filed the instant Motion to Set Aside Clerk's Entry of Default on the same day it learned of the default. (Doc. # 16 at 9 n.4.) The Court is satisfied that

Santander's conduct was not willful and does not rise to the level of culpable conduct under Rule 55(c).

As to the second factor, the Court is unable to identify any prejudice that would result to Plaintiff if the entry of default is set aside. Although Plaintiff argues that he has "been very diligent in this matter" and has "spent a lot of resources," (Doc. # 20 at 4), the Court notes that this case is still in the very early stages. Furthermore, Santander moved to set aside the default within two days of it being entered. For these reasons, the second factor weighs in favor of setting aside default. *See SecurityNational Mortg. Co. v. Head*, No. 13-cv-03020-PAB-BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require [him] to prove his case." (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)); *see also Apex Mobility Transp., LLC v. First Transit, Inc.*, No. 14-cv-02645-REB-MEH, 2015 WL 59553, at *3 (D. Colo. Jan. 2, 2015) (finding no prejudice "because Defendant moved to vacate the entry of default within two weeks of the Clerk's entry of default, which was entered less than a full month after the case was initiated").

With respect to the third factor, Santander does not specifically assert any defense except to object that service has not been perfected. The Court "need not consider every factor in determining whether to set aside an entry of default." *Maes v. Bland*, No. 18-cv-00052-PAB-NYW, 2019 WL 4187528, at *3 (D. Colo. Sept. 3, 2019); *see also Apex Mobility Transp., LLC*, 2015 WL 59553, at *3 ("In light of the judicial preference against default judgments, and because the Court finds that two of the three

5

factors tip in favor of granting the motion, the Court need not address the third factor in order to determine that good cause exists to set aside the entry of default."). Given the lack of culpable conduct on the part of Santander, the lack of prejudice to Plaintiff, and the strong preference for resolution of cases on the merits, the Court concludes in its discretion that good cause exists to justify setting aside the entry of default as to Santander.

Finally, the Court notes that Santander "appears in this case for the limited purpose of setting aside the default entered by the Clerk" and, as such, has not requested dismissal of this case under Fed. R. Civ. P. 15(b) for insufficient service or lack of personal jurisdiction. (Doc. # 16 at 1 n.1.) The Court therefore declines at this time to find whether Plaintiff properly served Santander in this matter.

### IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. # 16) is GRANTED. It is

FURTHER ORDERED that Plaintiff's Motion for Default Judgment (Doc. # 17) is DENIED.

DATED:  December 2, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge